ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                                  PAGE 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

FILED ONLINE

Deairis Simone Eacholes
**Plaintiff**

v.                                                              CASE NO.   4:20-cv-00035

Mississippi Department of Corrections
**Defendant**

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1. The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

   A. Legal name: Deairis Simone Eacholes

   B. Name under which sentenced: Deairis Echoles

   C. Inmate identification number: 133182

   D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): P.O. Box 88550 Pearl, MS 39288-8550

   E. Place of confinement: Central Mississippi Correctional Facility

2. Plaintiff names the following person(s) as the Defendant(s) in this civil action:

   Name: Tommy Taylor

   Title (Superintendent, Sheriff, etc.): Interim Commissioner

   Defendant's mailing address (street or post office box number, city, state, ZIP): 301 North Lamar Street Jackson, Mississippi 39201

ND MISS. FORM P3. COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)

PAGE 2

Name: Ronald King

Title (Superintendent, Sheriff, etc.): Superintendent

Defendant's mailing address (street or post office box number, city, state, ZIP): Post Office Box 88550, Pearl, Mississippi 39208

Name: Mississippi Department Of Corrections

Title (Superintendent, Sheriff, etc.): Central Mississippi Correctional Facility

Defendant's mailing address (street or post office box number, city, state, ZIP): Post Office Box 88550, Pearl, Mississippi 39208

Name:

Title (Superintendent, Sheriff, etc.):

Defendant's mailing address (street or post office box number, city, state, ZIP):

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3. Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?   ☐ Yes   ☒ No

4. If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

   A. Parties to the lawsuit:

   Plaintiff(s): N/A

   Defendant(s): N/A

   B. Court: N/A                                   C. Docket No.: N/A

   D. Judge's Name: N/A                            E. Date suit filed: N/A

   F. Date decided: N/A                            G. Result (affirmed, reversed, etc.): N/A

5. Is there a prisoner grievance procedure or system in the place of your confinement?   ☒ Yes   ☐ No

6. If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).   ☒ Yes   ☐ No

7. If you checked "Yes" in Question 6, answer the following questions:

ND Miss. Form P3, Complaint Challenging Conditions of Confinement (4/00)  PAGE 3

A. Does the grievance system place a limit on the time within which a grievance must be presented? ☒ Yes ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed? ☒ Yes ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

I did an ARP on 1-21-20. It was received on 1-27-20 by CMCF (Central Mississippi Correctional Facility) Administrative Remedy Program. The ARP I claimed that my constitutional rights are/have been violated due to inhumane living conditions.

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

In Response on 2-6-20, Raniece Matthews, Investigator II of the Administrative Remedy Program, only one complaint/request will be accepted and The Administrative Remedy Program does not accept petitions of filing on behalf of another inmate.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)

PAGE 4

**Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8. If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

   N/A

9. Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

   The Defendants on the previous pages have engaged in the alleged conditions which deprive rights, privileges, or immunities secured or protected by the Constitutions or laws of the United States, during my stay at Mississippi Department of Corrections Central Mississippi Correctional Facility from March 2019 - June 2019 and Sept. 2019 - current

   ① For one there is black mold all over the place
   ② Building is roach infested
   ③ Bathroom's toilet leak urine
   ④ The water fountains are clogged and broken
   ⑤ There is peeling paint throughout the building
   ⑥ The shower area needs painting, has mold, corrosion and pipes are exposed.
   These are just a few to name.

10. State **briefly** exactly what you want the court to do for you. Do not make legal arguments. Do not cite legal authority.

Restore living conditions to safe living quarters and to be paid each day the three penalty damages provided by Georgia Constitutional Amendments and Bill of Rights as well as the United States Constitutional Amendments and Bill of Rights.

This Complaint was executed at (location): Central Mississippi Correctional Facility

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: 2-27-19

Davius Echoles
Plaintiff's Signature

4. Judgments including costs – If a judgment is rendered against you that includes the payment of costs, you will be required to pay the **full amount** of the costs ordered. You will be required to make payments for costs in the same manner as is provided (above, page 1, section I.) for filing fees.

## II. NOTICE AND WARNING

### 1. Federal Law – Future Suits May be Barred

Under the new amendments to 28 U.S.C. §1915, if a prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was **dismissed** on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the prisoner **will be barred** from bringing any further civil action or appeal a judgment in a civil action or proceeding unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. §1915, 804(g)

### 2. Federal Law – Loss of Good Time

Under the new amendment to 28 U.S.C. §1932, in any civil action brought by an adult convicted of a crime and confined in a Federal Correctional Facility, if the court finds that the claim was filed for a malicious purpose, or the claim was filed solely to harass the party against which it was filed, or the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court, the court may order the revocation of earned good time credit under 18 U.S.C. §3624(b), that has not yet vested.

### 3. State Law – Loss of Good Time

Under the new amendments to Mississippi Code 47-5-138, if a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections is dismissed as frivolous or malicious, by a final order, the department shall forfeit:

   a. Sixty (60) days of an inmate's accrued earned time if the department has received one (1) final order;
   b. One hundred twenty (120) days of an inmate's accrued earned time if the department has received two (2) final orders;
   c. One hundred eighty (180) days of an inmate's accrued earned time if the department has received three (3) or more final orders.

The Department may not restore earned time forfeited under this section.

In light of the potential consequences of having your case dismissed as "frivolous" you are advised that the term "frivolous" may have a legal meaning that is different from what you consider this term to mean. Even though you are completely sincere in your suit, it may be dismissed as "frivolous" if it lacks an arguable basis in law or fact. Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See e.g., *Neitzke v. Williams*, 490 U.S. 319 (1989)

**David Crews**
**Clerk of Court**